PEOPLE v DUKES

1. CRIMINAL LAW—PLEA OF GUILTY—UNDERSTANDING PLEA.

A plea of guilty was properly taken where the court informed the defendant of his privilege against self-incrimination, his right to a trial by jury, and his right to confrontation and the defendant indicated that he understood the rights he was abandoning, although where the defendant indicates a lack of understanding of these fundamental rights, a more detailed explanation would be required.

2. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—FACTUAL BASIS —POSSIBLE DEFENSES.

Doubt as to a defendant's guilt, even if entertained by the accused person himself, does not necessarily preclude acceptance of a plea of guilty, and if a trial judge, after the direct questioning of the defendant, ascertains that there is a factual basis for the plea, that the plea is a truthful, honest plea of guilty of an offense of which the accused person might well be convicted upon trial, then the truth of the plea has been reasonably ascertained; thus there was no error in accepting a plea of guilty of manslaughter where, during the questioning of the defendant to ascertain the truth of the plea, the defendant's testimony indicated that at trial he could assert a defense, the trial judge at that time informed the defendant of the possible defense, but defendant nevertheless persisted in his plea of guilty.

3. CRIMINAL LAW—SENTENCE—ALLOCUTION.

An alleged failure to give a defendant an opportunity to address the court when assessing sentence was not error where the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 485–488, 505.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law §§ 527–530.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced. 96 ALR2d 1292.

record indicates that the court asked the defendant if he had anything to say but is unclear whether defendant's response was an affirmative indication that he had something to say, or whether he was indicating that his mother, who also was present, wished to address the court, the court assessed sentence and then permitted defendant's mother to speak, and where defendant, during this time, made no request to address the court; it is not apparent that the defendant was denied an opportunity to speak to the judge.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 March 12, 1973, at Detroit. (Docket No. 14882.) Decided June 28, 1973. Leave to appeal applied for.

James Dukes, Jr., was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: FITZGERALD, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendant was originally charged with first-degree murder (MCLA 750.316; MSA 28.548) and bound over for trial on a charge of second-degree murder (MCLA 750.317; MSA 28.549). He subsequently pled guilty to manslaughter (MCLA 750.321; MSA 28.553) and was sentenced to a term of imprisonment from 5 to 15

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

years. Defendant now appeals from the trial court's denial of his motion for a new trial.

Defendant's first argument is that the trial court abused its discretion in finding that defendant's guilty plea was not induced by promises of leniency. There is sufficient credible evidence on the record to support the decision of the trial judge, and accordingly we find no merit to defendant's argument. *People v Byrd,* 12 Mich App 186; 162 NW2d 777 (1968).

The defendant also argues that although the trial court did inform him of his privilege against self-incrimination, his right to trial by jury, and right to confrontation as required by *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), nevertheless his plea should be set aside because a "fleeting reference" to those rights should be deemed inadequate. While defense counsel expressly disavows a requirement that trial judges give each defendant a brief course in constitutional law, he does feel that a trial judge should "take a minute or two * * * to explain [things] to the defendant". While a more detailed explanation would certainly be required when a defendant indicates a lack of understanding of these fundamental rights, this tribunal is not prepared to require a detailed explanation of those rights when the defendant affirmatively indicates that he understands the rights he is abandoning.

The defendant also argues that his plea should be set aside because his testimony, when being questioned by the trial judge in order to ascertain the truth of his plea, indicated the possibility that at a trial he could assert a defense of self-defense. The trial judge at that time informed the defendant of the possible defense, but defendant nevertheless persisted in his plea of guilty. Defendant's

argument is without merit. As this Court said in *People v Bartlett,* 17 Mich App 205, 208–209; 169 NW2d 337, 340 (1969):

"Doubt as to the defendant's guilt, even if entertained by the accused person himself, does not necessarily preclude a trial judge from accepting a plea of guilty. If the trial judge, after the direct questioning of the defendant * * * ascertains that there is a factual basis for the plea, that the plea is a truthful, honest plea of guilty to an offense of which the accused person might well be convicted upon trial, then the truth of the plea has been reasonably ascertained."

Defendant's final argument is that the trial court, when assessing sentence, erred by failing to give the defendant an opportunity to address the court. The transcript of the sentencing proceedings indicates that the court asked the defendant if he had anything to say. At this point it is unclear from the record whether defendant's response was an affirmative indication that he had something to say, or whether he was indicating that his mother, who was also present, wished to address the court. The trial court assessed sentence, and then permitted defendant's mother to speak. During this time the defendant made no request to address the court. On these facts it is not apparent that the defendant was denied an opportunity to speak to the judge; we need not therefore consider whether the opportunity to address the court at the time of sentencing is mandatory.

Affirmed.

All concurred.