PEOPLE v GAVIN

1. CRIMINAL LAW—SENTENCING—JUVENILE RECORD.

It is not error for a trial court to consider a defendant's juvenile record at sentencing.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—SENTENCING—PRIOR CONVICTIONS—RIGHT TO COUNSEL—APPEAL AND ERROR.

An appellant who alleges that a prior conviction was constitutionally infirm due to a denial of counsel and that it was used to enhance punishment at sentencing on a later conviction must first establish in separate post-conviction actions that the prior conviction is invalid before the Court of Appeals will grant relief.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 October 11, 1973, at Detroit. (Docket No. 15568.) Decided December 6, 1973. Reversed by Supreme Court and remanded to trial court, 391 Mich —.

Donald Gavin was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*James R. Neuhard,* State Appellate Defender, for the defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 582, 585, 587.
[2] 21 Am Jur 2d, Criminal Law §§ 533, 585.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

LESINSKI, C. J. Defendant, originally charged with first-degree murder, entered a plea of guilty to second-degree murder. MCLA 750.317; MSA 28.549. The defendant was sentenced to 12-1/2 to 25 years. Defendant attacks this sentence, raising two assignments of error.

The trial court's consideration of defendant's juvenile record at sentencing is the first error assigned. The resolution of this issue is controlled by *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973). Since *McFarlin* expressly authorizes the consideration of juvenile records, the first issue is without merit.

The second error alleged by the defendant is that the use of two prior convictions at sentencing on this conviction was a violation of his constitutional rights because he was not represented by counsel at those prior convictions. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). *Tucker* held that the constitutional right to counsel is eroded if a defendant's punishment is enhanced by the use of a conviction wherein the defendant was denied the right to counsel.

The first opportunity this Court had to implement the *Tucker* decision was our decision in *People v Jones,* 47 Mich App 160; 209 NW2d 322 (1973).* *Jones* held that a defendant's unsupported allegations were sufficient to warrant an evidentiary hearing as to the alleged constitutional infirmity of the prior conviction used at sentencing on a later conviction.

Since this Court's decision in *Jones,* other courts

---

* Judge LESINSKI authored this opinion and was joined in it by Judges JOHN W. FITZGERALD and WADE VAN VALKENBURG.

have had an opportunity to consider this question. An examination of these cases persuades us that the procedure outlined in *Jones* should be modified by the approach set forth by the Fourth Circuit Court of Appeals in *Brown v United States,* 483 F2d 116 (CA 4, 1973). See, also, *Young v United States,* 485 F2d 292 (CA 8, 1973). *Brown* suggests that before an appellant will be able to assail a sentence on the basis of an unresolved claim of infirmity in other convictions, the appellant must first appeal the allegedly invalid underlying convictions. *Tucker* would then apply only after the appellant has had the prior convictions ruled invalid.

Although *Brown* is grounded on provisions of the United States Code *(e.g.,* 28 USC 2255 [1948] and 28 USC 2254[b] [1968]), this Court considers the rationale equally applicable to a state court proceeding. An unmodified *Jones* procedure would, contrary to the rationale of *Brown,* allow an appellant to use a collateral proceeding in one jurisdiction to tardily attack a conviction rendered in another jurisdiction where he had not exhausted his remedies. Such belated collateral attacks are not to be encouraged since they make it especially difficult to muster the complete files necessary to decide the appeal.

We therefore hold that, before this Court will grant relief in a *Tucker* petition, the appellant must first establish in separate post-conviction actions that the underlying convictions are invalid. In the instant case this required foundation has not been laid, the constitutional status of defendant's prior convictions not having been previously determined by an appellate process.

Affirmed.

All concurred.