PEOPLE v WILLIAMS

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—ADJOURNMENT—DIS-
CRETION.

Adjournment of a preliminary examination where the prosecutor
pointed out that a material witness whom he expected to be
present was absent from the state and could not be produced
was not an abuse of discretion despite the fact that the prosecu-
tor brought a prior invalid guilty plea to the same crime to the
attention of the judge to reinforce the request for adjournment;
adjournment of a preliminary examination for good cause is in
compliance with the statute (MCLA 766.7).

2. CRIMINAL LAW—APPEAL AND ERROR—DISQUALIFICATION OF JUDGE
—PRESERVING QUESTION.

The question of whether a circuit judge who had previously
accepted an invalid plea of guilty was qualified to hear the
defendant's motion to quash the information on the same
charge was not properly preserved for appeal where there was
no motion to disqualify the judge since there was no require-
ment that he disqualify himself *sua sponte.*

3. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—INDORSE-
MENT OF WITNESSES—PREJUDICE—APPEAL AND ERROR.

Allowing a res gestae witness to testify even though his name did
not appear on the copy of the information given to the defend-
ant but which did appear on the information filed with the
court did not result in prejudice or reversible error where the
defendant was well-aware that the witness would be called to
testify, the court file was available to both parties, although the
defendant objected to the appearance of the witness he made
no motion for a continuance nor did he claim surprise, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 449.
[2] 21 Am Jur 2d, Criminal Law §§ 409, 416, 427, 432.
[3] 41 Am Jur 2d, Indictments and Information §§ 56, 60.
[4] 20 Am Jur 2d, Courts §§ 189, 195.
[5] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[6] 21 Am Jur 2d, Criminal Law § 475.

where the record shows defense counsel conducted a very thorough and exhaustive cross-examination of the witness.

4. Courts—Supreme Court—Binding Precedent—Majority Decisions.

A majority of the Supreme Court must agree on a ground for decision in order to make that binding precedent for future cases.

5. Criminal Law—Identification—Photographs—In-Custody Defendants—Constitutional Law.

Photographic identification by witnesses after a defendant was in custody and after formal proceedings had been instituted did not violate the defendant's rights under the Sixth Amendment of the Constitution of the United States despite the fact that the defendant's counsel was not present at the identification.

6. Criminal Law—Constitutional Law—Prior Convictions—Appeal and Error.

A mere allegation by a defendant that the trial judge improperly considered two prior convictions which the defendant claimed were constitutionally invalid is insufficient to raise the issue on appeal.

Appeal from Lenawee, Kenneth G. Prettie, J. Submitted Division 2 January 8, 1974, at Lansing. (Docket No. 16184.) Decided March 5, 1974.

Virgil Williams was convicted of forgery and uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Donald Ubell,* Director, by *Howard C. Marderosian,* of counsel), for the people.

*Allan C. Miller,* Assistant State Appellate Defender, for defendant.

Before: Quinn, P. J., and Danhof and Allen, JJ.

Danhof, J. Defendant was convicted by the court sitting without a jury of the crime of forgery and uttering and publishing contrary to MCLA 750.248; MSA 28.445 and MCLA 750.249; MSA 28.446. He was sentenced to a term in prison of 5 to 14 years and appeals, alleging several errors.

Defendant was initially convicted of the same charges upon a plea of guilty on December 15, 1970. Subsequently, on May 23, 1972, the plea of guilty was set aside and the defendant was rearraigned on the original charges. Upon defense motion the matter was remanded to the district court for a preliminary examination. The preliminary examination was commenced on June 22, 1972, and upon motion of the prosecutor was adjourned to July 11, 1972. The defendant alleges that error was committed by the district judge in granting the people's motion for adjournment, because the prosecutor brought the prior invalid guilty plea to the attention of the district judge. In examining the record we find that the only purpose for bringing this to the attention of the district judge was to reinforce the prosecutor's request for adjournment. In addition, the prosecutor pointed out that a material witness whom he expected to be present was absent from the state and could not be produced at the June 22, 1972 hearing. Adjournment of a preliminary examination for a good cause is in compliance with the statute. MCLA 766.7; MSA 28.925. *People v Den Uyl,* 320 Mich 477; 31 NW2d 699 (1948). *People v Spalding,* 17 Mich App 73; 169 NW2d 163 (1969). We do not believe that the district judge abused his discretion in granting the adjournment. Nor do we believe that the circuit judge erred in refusing

to quash the information because the district judge had been made aware of an invalid guilty plea transcript. *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971), is not applicable because the district judge did not sit as a trier of fact to determine guilt or innocence. He determined only if an offense had been committed and if there was probable cause that it was committed by the defendant.

Defendant next alleges error because the circuit judge who had previously accepted the plea of guilty sat on the defendant's motion to quash the information. We would point out that it was the same circuit judge who after accepting the plea of guilty set the same aside. Furthermore, there was no motion to disqualify the judge, nor do we believe that there was any requirement that he disqualify himself *sua sponte.* Thus, the matter has not been properly preserved for appeal.

Defendant next claims that the trial court erred by allowing the testimony of a res gestae witness whose name did not appear on the copy of the information given to the defendant, but appeared on the information filed with the court. While several questions are raised as to why the name of the witness appeared on the court's copy and the prosecutor's copy but not on the defendant's copy, we note from the record that the defendant was well-aware that the witness would be called to testify. Further, the court file was available to both parties, and although the defendant objected to the appearance of the witness he made no motion for a continuance, nor did he claim surprise. The record shows defense counsel conducted a very thorough and exhaustive cross-examination of the witness. Thus, we find no prejudice or reversible error by allowing the witness to testify.

*People v Gilleylen,* 31 Mich App 416; 188 NW2d 131 (1971).

Defendant next claims that pretrial photographic identification procedures violated his rights under the Sixth Amendment to the United States Constitution. In this case there were two pretrial photographic identification showings. The first took place prior to the defendant's arrest and prior to the time he was in custody. No error is alleged. The second, however, took place in July of 1972 after defendant's arrest and after formal charges were filed, when a series of pictures were presented to two witnesses and identification was made of the defendant. At least as to the testimony of witness Dermyer, it is doubtful that she had any independent recollection of the defendant apart from the photographic identification. Defendant relies on *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), which held that there is a right to have counsel present at a photographic identification of the accused if defendant is in custody. We must determine whether this Court is bound by the holding in *Anderson.* In *Anderson* the Supreme Court in referring to *Kirby v Illinois,* 406 US 682 (1972), stated at p 170; 205 NW2d at 467:

"*Kirby v Illinois,* 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972), modifies only part of the per se exclusionary rule of *Gilbert.* In a *plurality opinion* the per se exclusionary rule was held not to apply to testimony concerning '*pre-indictment*' *out-of-court corporeal identification procedures.* Since there is no agreement by a majority of the United States Supreme Court regarding the limitation of right to counsel in *Kirby,* we are not permitted to follow *Kirby* as authoritative precedent on the question of counsel. *The clear rule in Michigan is that a majority of the Court must agree on a ground for decision in order to make that binding precedent for*

*future cases.* If there is merely a majority for a particular result, then the parties to the case are bound by the judgment but the case is not authority beyond the immediate parties." (Emphasis added.)

Further at p 171; 205 NW2d at 467–468, the Court stated:

"Applying these well-settled constructional mandates to *Kirby* we see that a majority of the Court agreed on a result only, that the per se exclusionary rule of *Gilbert* did not apply to the case before them. There was no 'opinion of the Court', but the 'judgment' of the Court was to affirm the Illinois Court of Appeals. The most liberal construction of these rules might suggest that the *Kirby* case 'holds' that the per se *exclusionary rule* of *Gilbert* does not apply in *'pre-indictment'* cases. Constitutional rules of construction do not permit us to read *Kirby* as abrogating the pre-indictment requirements for counsel and the other rules of *Wade, Gilbert, Stovall* and *Simmons,* by all of which we are still bound."

Examining *Anderson* in the light of the above, we note initially that only five Justices participated in the *Anderson* case. Further, Justice SWAINSON concurred in the result only. In addition, while then Justice BRENNAN signed the majority opinion he made it very clear in a concurring opinion as to just what his signature implied. He stated:

"My Brother's opinion concludes:
" 'Because of this evidence of the victim's knowledge before the suggestion took place viewed in combination with her previous acquaintance with defendant, we are satisfied that her in-court identification was accurate in spite of the employment of grossly suggestive procedures calculated (albeit unintentionally) to prompt an identification of whatever Indian was pictured.'
"Despite careful study, I can see no difference be-

tween that conclusion and the conclusion reached by the learned judge of the Court of Appeals:

" 'An examination of the record in the present case discloses that while the procedures followed in the photographic display were suggestive, they were not impermissibly so in light of complainant's prior opportunities to view defendant.'

"This, then, is the rule of law in the case, both in the Court of Appeals and in this Court.

"Where the victim was acquainted with her assailant, and described him to the police, and was in critical condition in the hospital, it was not error to permit an in-court identification of the defendant to be made, despite evidence that the defendant was the only Indian among six persons whose photographs were shown to the victim at the hospital.

"The balance of my Brother's opinion, though scholarly and exhaustive, neither adds nor detracts from the rule of law in the case.

"If a Court is to avoid burdening the profession with confusing *seriatim* opinions, it is necessary for the Justices to ingest much unpalatable dicta. Accordingly, I have signed my Brother's opinion. But, if our opinions are to be of any value as precedent, they should be limited to the enunciation of those rules of law which are decisional, related to the facts in the case before us, and supportive of the result arrived at." 389 Mich at 220–221; 205 NW2d at 494–495.

Thus, it appears clear to us, based upon what is described as the clear rule in Michigan, that a majority of the Court did not agree on the ground for decision in *Anderson* and hence it is not authority beyond the immediate parties. However, in any event the opinion in *Anderson* indicates that we are bound by the decisions of the United States Supreme Court in *Wade, Gilbert, Stovall,* and *Simmons.* Accordingly, if we are bound by the above named decisions then we are likewise bound by the decision of the United States Supreme Court in *United States v Ash,* 413 US 300; 93 S Ct 2568; 37 L Ed 2d 619 (1973). In that case Justice

Blackmun writing for a majority of the Court stated:

"We hold, then, that the Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender." 413 US at 321; 93 S Ct at 2579; 37 L Ed 2d at 633.

In *Ash* the witness was shown the pictures shortly before trial, long after the defendant had been indicted and was in custody. In short, this was an extension of *Kirby, supra,* which although not signed by a majority of the Court at that time was clearly affirmed by the majority of the Court in *Ash.* See *Ash, supra,* 413 US at 303; 93 S Ct at 2570; 37 L Ed 2d at 623, fn 3. Hence because we are bound by the pronouncements of the United States Supreme Court as it affects those rights guaranteed by the United States Constitution and because *People v Anderson, supra,* is not authority beyond the immediate parties, we conclude that on the basis of *Ash, supra,* that the photographic identification by the witnesses, albeit after the defendant was in custody and after formal proceedings had been instituted, did not violate his rights under the Sixth Amendment of the Constitution of the United States.

Finally, defendant argues that the trial judge improperly considered two prior convictions which he claims are invalid because of *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). Although the record does not disclose that the trial judge explicitly relied on such prior convictions, the so-called invalid convictions cannot be raised on this appeal. *People v Gavin,* 50 Mich App 743; 213 NW2d 758 (1973).

Affirmed.

All concurred.