PEOPLE v REID

1. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS.

It was not error for a judge, in sentencing a defendant, to consider prior convictions which the defendant alleges were constitutionally infirm where the validity of those prior convictions had not been previously determined by an appellate process.

2. CRIMINAL LAW—SENTENCING—PRIOR ARRESTS—PRESENTENCE REPORTS—ACCURACY.

It was proper for a judge, at sentencing, to consider a presentence report which contained information relating to prior arrests which allegedly did not result in conviction where there is no contention that the report was inaccurate and the record does not show affirmatively whether the judge in fact considered the prior arrests.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 March 5, 1974, at Lansing. (Docket No. 16450.) Decided March 28, 1974.

Duane Reid was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 585.

Before: McGREGOR, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. B. BURNS, J. Defendant pled guilty to a charge of larceny from a building. MCLA 750.360; MSA 28.592.

On August 13, 1973, this Court granted defendant's motion for an evidentiary hearing on the question of whether his guilty plea was induced by a promise of leniency. At that hearing defendant testified that his probation officer promised that he would get defendant into a drug program if he pleaded guilty. The testimony of two other witnesses indicated that defendant had a drug problem at the time of the plea. The probation officer denied making any promises to defendant and denied that he was aware of defendant's problem at the time of the plea. The trial judge chose to believe the probation officer's testimony and found that defendant's plea was not induced by an unkept promise. There is sufficient credible evidence to support the decision of the trial judge. *People v Dukes,* 48 Mich App 268; 210 NW2d 266 (1973); *People v Gray,* 29 Mich App 301; 185 NW2d 123 (1970); *People v Byrd,* 12 Mich App 186; 162 NW2d 777 (1968).

Defendant also claims that the trial judge improperly considered at sentence a prior felony conviction and a prior misdemeanor conviction which, he alleges, were constitutionally infirm. In *People v Gavin,* 50 Mich App 743; 213 NW2d 758 (1974), we determined that, before this Court will grant relief such as that requested by defendant on this appeal, it must first be established "in separate post-conviction actions that the underly-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ing convictions are invalid".[1] The rule announced in *Gavin, supra,* is applicable to the instant case. As in *Gavin,* "this required foundation has not been laid, the constitutional status of defendant's prior convictions not having been previously determined by an appellate process".

Defendant's final argument is that the trial judge improperly considered at sentencing prior arrests which did not result in a conviction. While the record before this Court does not affirmatively show whether the trial judge in fact considered the prior arrests, defendant on this appeal does not dispute the accuracy of the arrest information.

For a sentence to be valid it must be predicated upon accurate information. *United States v Tucker,* 404 US 443; 92 S Ct 598; 30 L Ed 2d 592 (1972); *People v LaPine,* 47 Mich App 553; 209 NW2d 726 (1973). Where, as here, there is no contention that the presentence report was inaccurate, the trial judge could properly consider the information.

"Where there is no denial of criminal involvement, as contained in the presentence report, and no contention that the report is inaccurate or unreliable or proof of any other infirmity, the report is subject to inquiry, review and consideration by the sentencing judge." *LaPine, supra,* p 556.

We find no persuasive ground upon which to set aside defendant's sentence.

Affirmed.

All concurred.

---

[1] *People v Gavin,* 50 Mich App 743; 213 NW2d 758 (1974), modified the procedure in *People v Jones,* 47 Mich App 160; 209 NW2d 322 (1973).