## PEOPLE v WATROBA

Docket No. 77-3776. Submitted January 18, 1979, at Detroit.—Decided May 1, 1979. Leave to appeal applied for.

James K. Watroba was convicted of breaking and entering an occupied dwelling, Wayne Circuit Court, Joseph G. Rashid, J. Defendant appealed and in the appellate proceedings filed a motion in the Court of Appeals for a remand for a *Tucker* hearing to determine whether the trial judge had impermissibly taken into consideration the defendant's prior convictions which were allegedly unconstitutionally obtained and whether the impermissible consideration had enhanced the defendant's sentence. This motion was granted and, at the hearing on remand, the trial court stated that it had relied on the allegedly infirm convictions but also stated that even if it had not relied upon those convictions, the same sentence would have been given to the defendant. The defendant's motion to resentence was denied. After the remand, the defendant makes

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 487, 495, 572.

Construction of Federal statute (28 USC § 2255) dealing with vacation, by direct attack, of sentence in criminal case on ground that it violated Constitution or laws, or exceeded jurisdiction, or is otherwise subject to collateral attack. 20 ALR2d 976.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2, 3, 6] 21 Am Jur 2d, Criminal Law §§ 487, 495, 572, 585.

Construction of Federal statute (28 USC § 2255) dealing with vacation, by direct attack, of sentence in criminal case on ground that it violated Constitution or laws, or exceeded jurisdiction, or is otherwise subject to collateral attack. 20 ALR2d 976.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[4] 21 Am Jur 2d, Criminal Law § 583.

[5] 21 Am Jur 2d, Criminal Law §§ 584, 585.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

allegations that resentencing is the necessary remedy whenever allegedly defective prior convictions are, in any sense, considered by the sentencing court. *Held:*

1. The availability of *Tucker* relief should be extended to include consideration at sentencing of prior convictions which are constitutionally infirm by reason of a trial court's failure, at a plea proceeding, to advise the defendant that his plea of guilty constitutes a waiver of his right to confront adverse witnesses.

2. The sentencing judge's consideration of the defendant's prior convictions which were constitutionally infirm when sentencing the defendant does not necessarily mandate a different sentence. Since the trial judge emphatically stated that the same sentence would be given to the defendant, even without consideration of the prior infirm convictions, resentencing is unnecessary.

Affirmed.

BASHARA, J., concurred in part and dissented in part. He would agree that this defendant should not be resentenced. However, he would not extend the coverage of *Tucker* relief beyond cases where a sentencing judge considered prior convictions which were infirm because the defendant was not represented by counsel.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCES — TUCKER HEARING — RIGHT TO COUNSEL — CONSTITUTIONALLY INFIRM CONVICTIONS.

The relief afforded a criminal defendant by a *Tucker* hearing should be extended beyond considerations by a sentencing judge of convictions obtained in violation of the defendant's right to counsel to include considerations by a sentencing judge of convictions which are constitutionally defective by reason of a trial court's failure to advise the defendant that a plea of guilty constitutes a waiver of the right to confront adverse witnesses.

2. CRIMINAL LAW — SENTENCES — PRIOR CONVICTIONS — RIGHT TO COUNSEL — RIGHT TO CONFRONT WITNESSES.

A prior conviction obtained in violation of a defendant's right to counsel or in violation of the requirement that a pleading defendant be informed that a guilty plea constitutes a waiver of the right to confront witnesses should not be considered as a factor in sentencing for a later separate conviction.

3. CRIMINAL LAW — SENTENCES — PRIOR CONVICTIONS — CONSTITU-
TIONALLY INFIRM CONVICTIONS — TUCKER HEARING.

A different sentence for a convicted defendant is not mandated by
a sentencing judge's reliance upon a faulty prior conviction
when sentencing the defendant; where there has been such
reliance, the determination to be made is whether the sentence
imposed for the subsequent conviction might have been differ-
ent if the sentencing judge had known that the previous
conviction had been unconstitutionally obtained; a *Tucker* hear-
ing determines whether the punishment might have been
different absent consideration of infirm convictions.

4. CRIMINAL LAW — SENTENCES — DISCRETION.

Trial judges are afforded expansive discretion in sentencing mat-
ters.

5. CRIMINAL LAW — SENTENCES — FACTORS TO CONSIDER — PRIOR
CONVICTIONS.

A defendant's prior conviction is merely one factor which a
sentencing court, in its judgment, may consider in determining
punishment.

PARTIAL CONCURRENCE, PARTIAL DISSENT BY BASHARA, J.

6. CRIMINAL LAW — SENTENCES — PRIOR CONVICTIONS — TUCKER
HEARING.

A Tucker *hearing should be granted only in those cases where a
sentencing judge took into consideration a prior conviction
which was constitutionally infirm because the defendant was
deprived of his right to be represented by counsel.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Victor M. Norris,* Assistant
Prosecuting Attorney, for the people.

*Gromek & Bendure,* for defendant on appeal.

Before: D. C. RILEY, P.J., and BASHARA and
MACKENIZE, JJ.

D. C. RILEY, P.J. On June 6, 1977, defendant

James Watroba was convicted by a jury of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. After reviewing defendant's prior history and record, the trial judge imposed a sentence of 6 to 15 years imprisonment.

Thereafter, defendant filed a motion in this Court to remand for a hearing to determine whether the trial judge had impermissibly taken into consideration, in aggravation of sentence, prior convictions alleged to have been unconstitutionally obtained. In an order dated April 7, 1978, we granted defendant's motion to remand for a *Tucker* hearing pursuant to *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), and *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). During the course of that hearing on the motion for resentencing, transcripts of defendant's plea-based convictions of July 25, 1969, and July 20, 1970, were received into evidence. Defendant contended below that said convictions were constitutionally infirm in that he had not been advised that by pleading guilty he was giving up the right to confront witnesses against him.[1] At the conclusion of the hearing the trial judge entered an order denying the motion to resentence, stating in part:

---

[1] We reject the people's assertion that the collateral attack doctrine precludes the defendant from raising at the trial court level the alleged constitutional infirmity of the prior convictions. See *People v Moore,* 391 Mich 426, 441-442; 216 NW2d 770 (1974):

"We have considered the collateral attack doctrine set forth in *People v Gavin,* 50 Mich App 743; 213 NW2d 758 (1973), urged upon us by the prosecutor, but are unpersuaded. A defendant will not be required 'first [to] establish in separate post-conviction actions that the underlying convictions are invalid'. Clearly, a Michigan trial court is competent to resolve the factual issues regarding the constitutional validity of a defendant's previous Michigan convictions." (Footnotes omitted.)

The *Moore* rationale is equally applicable in the case at bar. See also *People v Jones,* 83 Mich App 559, 568; 269 NW2d 224 (1978).

"[T]his Court relied upon the aforesaid convictions *but even if this Court had not relied upon the aforesaid convictions the Court would have given the defendant the same sentence."* (Emphasis supplied.)

Defendant appeals as of right pursuant to GCR 1963, 806.1, and alleges that, despite the court's emphatic declaration above, resentencing is the necessary remedy whenever allegedly defective prior convictions are, in any sense, considered by the sentencing court.

In disposing of defendant's claim, we must briefly consider the breadth of the holdings in *United States v Tucker,* and *People v Moore, supra.*

In *Tucker,* the lower court's original imposition of sentence incorporated an explicit notation of defendant's three previous felony convictions, two of which were deficient due to lack of representation by counsel under *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963). The case was remanded back to the trial court for reconsideration of defendant's punishment. *Tucker* was subsequently followed in Michigan by *People v Moore, supra.*

*Tucker* and *Moore* spoke only in terms of prior convictions invalid under *Gideon.* In the case at bar, however, defendant was represented by counsel at all times. Thus, the issue presented is whether the relief afforded by *Tucker* and *Moore* should be extended beyond convictions obtained in violation of *Gideon, supra,* to include those which are constitutionally defective by reason of the trial court's failure, at a plea proceeding, to advise the defendant that his plea of guilty constitutes a waiver of his right to confront adverse witnesses. *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L

Ed 2d 274 (1969), *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). We answer in the affirmative. The rights protected by *Boykin* and *Jaworski* are of similar importance to the guilt-determination process as the right to counsel; consequently, we are of the opinion that a conviction obtained in violation of these decisions and the rights protected thereunder, by analogy, should not be considered as a factor in sentencing.

In so holding we must, nevertheless, reject defendant's assertion that resentencing (modification of the original punishment) is the required remedy whenever allegedly invalid convictions are, in any sense, considered. In order to initiate a *Tucker* proceeding, a defendant must present prima facie proof that the prior conviction was constitutionally infirm, *People v Moore, supra,* at 440-441, and that it was considered by the trial judge in sentencing, *United States v Tucker, supra.* However, reliance upon a faulty conviction does not necessarily mandate a different sentence. A careful reading of *Tucker* reveals that the concern in that case was not whether the prior convictions had been considered (for the record had already indicated they were), but *whether the sentence imposed might have been different* if the sentencing judge had known that the previous convictions had been unconstitutionally obtained. The *Tucker* case was remanded for *reconsideration* of defendant's sentence.

A *Tucker* hearing, then, determines whether the punishment might have been different absent consideration of infirm convictions. See *People v Moore, supra,* at 439. That determination was made in the case at bar.

We are not unmindful of the language in *People v Moore, supra,* at 439, that,

"[w]hile a harmless error rule might also be applied to a *Tucker* claim, from a practical point of view, * * * in most cases a judge can more readily resentence a convicted person than determine whether whatever consideration was given an invalid conviction at sentencing was harmless."

and we agree that this remains the better procedure to follow in cases such as these. However, we read that excerpt as requiring, not necessarily an altered sentence, but rather a full re-evaluation of the record and circumstances in conjunction with defendant's claim of improperly considered convictions, which proceeding could just as easily produce the same sentence as it could a different one.

In the present case, this procedure was not strictly followed; however, we believe the thrust and concern of the *Tucker* decision was satisfied. In so holding, we note the traditionally expansive discretion afforded trial judges in sentencing matters. See, *e.g., People v Almond,* 67 Mich App 713, 719; 242 NW2d 498 (1976), *People v Shively,* 45 Mich App 658, 665; 206 NW2d 808 (1973). A prior conviction is merely one factor which the court, in its judgment, may consider in determining punishment.

In the case at bar, the court, both at sentencing and the *Tucker* hearing, was aware of defendant's apparent drug habit, former probation violations, and three previous convictions, two of which were claimed to be infirm. The totality of circumstances considered does not render the court's statement that "it would have given the defendant the same sentence" an extraordinary one. As factfinder, it was his province to consider all the factors and elements which culminated in the original sentence imposed, determine what emphasis was to be

given each, and to resolve whether that sentence should be altered.

In addition, a further remand, given that there is no likelihood that a different sentence might be imposed, would result in a useless procedure.

Affirmed.

MACKENZIE, J., concurred.

BASHARA, J. *(concurring in part, dissenting in part).* I concur separately because I am unwilling to extend the scope of *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). *Moore* was based on *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). *Tucker* in turn relied on *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963). That case specifically considered only those cases where the defendant was not represented by counsel.

Until our Supreme Court or the United States Supreme Court mandates otherwise, we should not subject trial courts to further encumbrances.