PEOPLE v PORTER

Docket Nos. 78-3088, 43377. Submitted May 8, 1980, at Detroit.—Decided August 25, 1980.

Julius T. Porter, Jr., pled guilty to second-degree murder and was sentenced to life in prison, Recorder's Court of Detroit, Robert L. Evans, J. The Court of Appeals affirmed. Defendant subsequently requested appointment of counsel by the Supreme Court for his appeal to that Court on the basis of indigency. The Supreme Court ordered Detroit Recorder's Court to appoint counsel if defendant was found to be indigent. 399 Mich 1039 (1977). Defendant was so found, and counsel was appointed. Defendant then moved for a new trial or, alternatively, for resentencing. Judge Evans denied the motion for a new trial, but granted resentencing. Defendant appeals the resentencing.

Defendant separately filed a delayed application for leave to appeal the Court of Appeals affirmation of the trial court's conviction with the Supreme Court, which application was granted, the Court reversing defendant's conviction and remanding the case to the Court of Appeals. 404 Mich 822 (1979). The appeals were consolidated by the Court of Appeals on its own motion. *Held:*

The trial judge was required to make some further effort to explain to defendant his right to confront his accusers during trial after he stated at the plea-taking that he did not understand the court's original explanation. In light of this failure, defendant's guilty plea fails to exhibit the understanding and voluntary nature required of such pleas, and reversal is mandated.

Plea of guilty vacated, and the cause remanded for trial.

BEASLEY, J., dissented. He would hold that the defendant's conviction should not be reversed on the grounds that the defendant did not understand his right to confront his accusers based on one negative reply made by the defendant at the plea-

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 485, 487.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

taking in response to an inquiry by the trial judge as to the defendant's understanding of the technical meaning of the right to cross-examine witnesses, and where the trial judge failed to give a further explanation. Rather, an evaluation should be made of the voluntariness of the defendant's plea within the context of the full plea-taking. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — CONFRONTATION OF WITNESSES — EXPLANATION OF RIGHTS.

The failure of the trial court at a plea-taking to further explain to a defendant in a criminal case his right to confront witnesses after the court had given an explanation which the defendant stated he did not understand mandates reversal.

2. CRIMINAL LAW — GUILTY PLEAS — EXPLANATION OF RIGHTS — COURTS.

A more detailed explanation by the trial court at a plea-taking in a criminal case is required where a defendant indicates a lack of understanding of the fundamental rights originally explained by the court, prior to accepting a plea of guilty; however, such detailed explanation is not required where the defendant affirmatively indicates that he understands the rights he is abandoning and such understanding may be inferred from the record.

3. CRIMINAL LAW — GUILTY PLEAS — PLEADING — VOLUNTARINESS.

The rule that the court shall not accept a guilty plea in a criminal case unless it is convinced that it is voluntarily made should require some further inquiry or explanation prior to acceptance of the plea by the court where a defendant indicates that he does not understand one of the rights he is waiving.

DISSENT BY BEASLEY, J.

4. CRIMINAL LAW — GUILTY PLEAS — PLEADING — GROUNDS FOR REVERSAL.

*A conviction of a defendant in a criminal case on a plea of guilty should not be reversed on the grounds that the defendant did not understand his right to confront his accusers where the trial court, during the plea-taking, advised the defendant that he could bring his own witnesses into court, and where, upon receiving a negative reply in response to the court's inquiry as to defendant's understanding of the technical meaning of his right to cross-examine witnesses, the court failed to give a further explanation; rather, an evaluation should be made of*

*the voluntariness of the plea within the context of the full plea-taking.*

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P.J., and M. F. CAVANAGH and W. A. PORTER,* JJ.

M. F. CAVANAGH, J. Defendant's guilty plea in this case fails to exhibit the understanding and voluntary nature required of guilty pleas as set forth in *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

In the present case the issue is not whether the trial judge's original statement informing the defendant of his right to confront witnesses was adequate, but whether the judge was required to make some further effort to explain that right after the defendant stated that he did not understand the original explanation. The failure of the trial judge to explain the confrontation right further mandates reversal.

In *People v Dukes,* 48 Mich App 268, 270; 210 NW2d 266 (1973), *lv den* 392 Mich 814 (1974), while refusing to reverse a guilty plea under the facts there present, this Court stated:

"The defendant also argues that although the trial court did inform him of his privilege against self-incrimination, his right to trial by jury, and right to confrontation as required by *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), nevertheless his plea should be set aside because a 'fleeting reference' to those rights should be deemed inadequate. While defense counsel expressly disavows a requirement that trial judges give each defendant a brief course in constitutional law, he does feel that a trial judge should 'take

* Circuit judge, sitting on the Court of Appeals by assignment.

a minute or two * * * to explain [things] to the defendant'. *While a more detailed explanation would certainly be required when a defendant indicates a lack of understanding of these fundamental rights,* this tribunal is not prepared to require a detailed explanation of those rights when the defendant affirmatively indicates that he understands the rights he is abandoning." (Emphasis added.)

In *People v Matheson,* 70 Mich App 172, 184; 245 NW2d 551 (1976), this Court reversed a guilty plea because the responses of the defendant "manifested a state of confusion which belied the claimed voluntariness of his plea".

The instant record is distinguishable from the record of *People v Anderson, People v Harrel,* and *People v Howell* in the *Guilty Plea Cases,* 395 Mich 96, 123, 124; 235 NW2d 132 (1975). In *Anderson,* the defendant was advised merely as to his right to confrontation. In *Harrel* and *Howell,* the defendants were informed of the right to question witnesses against them. As the explanations made to the defendants used language commonly understood, and the defendants gave no indication that they didn't understand their rights, the record created an inference or supported a conclusion that the defendants understood their rights and intentionally waived them. As the Court said in *Guilty Plea Cases, supra,* 124:

"In each case the judge informed the defendant of the constitutional and other rights delineated in the rule in such manner as reasonably to warrant the conclusion that the defendant understood what a trial is and that by pleading guilty he was knowingly giving up his right to a trial and the rights and incidents of a trial."

The defendant in the present case never did acknowledge that he understood his right of con-

frontation. There is nothing in the record to indicate that the defendant's protests that he did not understand his rights were made in bad faith. On earlier occasions, when the defendant initially stated that he did not understand a right, the defendant indicated that he understood after a brief explanation by the judge. The rule that the court shall not accept a guilty plea unless it is convinced it is voluntarily made should require some further inquiry or explanation when a defendant indicates that he does not understand one of the rights he is waiving. The defendant's plea of guilty is hereby vacated and the cause is remanded for trial.

W. A. PORTER, J., concurred.

BEASLEY, J. *(dissenting)*. On October 21, 1974, defendant, Julius T. Porter, Jr., pled guilty to second-degree murder and was sentenced to life in prison.

The plea was made with advice of counsel pursuant to a plea bargain under which a charge of first-degree murder was dismissed. Defendant appealed as of right, and, on December 23, 1975, his conviction was affirmed by this Court, citing the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Defendant requested appointment of counsel by the Supreme Court on the basis of alleged indigency, and, on February 14, 1977, the .Supreme Court ordered the Recorder's Court to appoint counsel for defendant at public expense if he was found indigent. 399 Mich 1039 (1977). The Recorder's Court so found and appointed counsel for defendant. Defendant then reattacked the plea, which motion was denied except that defendant was given an opportunity for allocution, after

which, on May 12, 1978, he was resentenced, this time to not less than 15 nor more than 30 years in prison.

On June 8, 1978, defendant filed a delayed application for leave to appeal with the Supreme Court. On January 8, 1979, the Supreme Court granted defendant's application and reversed this Court's order affirming defendant's conviction and, under what the Supreme Court designates "actions on applications for leave to appeal from the Court of Appeals", entered an order, without opinion, remanding the case to this court for a "formal submission of the first issue stated in the defendant's brief in support of his application for leave to appeal". 404 Mich 822 (1979).

Presumably, that issue is whether the trial judge failed to establish that defendant understood his right to confront his accusers.

The part of the plea-taking that defendant finds offensive to the court rules is as follows:

"THE COURT: In a trial you would have the right to bring witnesses to court if you had any to testify in your behalf. In other words, you could bring your witnesses to testify the same as the prosecution could bring witnesses, and if you wished the court would issue a court order or subpoena. Have you ever heard of a subpoena?

"THE DEFENDANT: No.

"THE COURT: A subpoena, Mr. Porter, that would require your witnesses to appear and testify in your behalf; do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Mr. Porter, the prosecutor would have to bring any witnesses he had, anybody who said they had any facts in this case would have to be brought in court to testify against you and you could cross-examine those witnesses. Do you understand the right to cross-examine your witnesses in court?

"THE DEFENDANT: No.

"THE COURT: Mr. Porter, did anyone threaten you or tell you what the sentence would be if you plead guilty?

"THE DEFENDANT: People in my cell did."

Careful reading of the foregoing indicates two questions concerning which defendant gave negative answers. They are:

"Have you ever heard of a subpoena?
"THE DEFENDANT: No."

The court then went on and explained to defendant what a subpoena was. We do not find this portion reversible error.

Second, is the question:

"Do you understand the right to cross-examine your witnesses in court?
"THE DEFENDANT: No."

Defendant's answer that he did not understand what was meant by "cross-examine" came immediately following an explanation by the court that the prosecutor would have to bring witnesses into court to testify. Already the trial judge had also advised defendant that he could bring his own witnesses into court with the court's assistance. While it may have been wiser practice for the trial judge to attempt to explain further the technical meaning of cross-examine, I am not prepared to find that upon that one answer defendant did not "understand his right to confront his accusers".

The foregoing matter may only properly be understood and evaluated within the context of the full plea-taking, which I have reviewed in full. Consideration of this full plea-taking indicates that

this was not a prefunctory plea-taking, that defendant's rights were carefully described to him, and that he gave a full recital of what occurred. Under these circumstances, I would affirm defendant's conviction under the *Guilty Plea Cases, supra.*