PEOPLE v MAYS

1. Criminal Law—Appeal and Error—Habitual Offender—Prior Convictions—Collateral Attack.

A defendant who has been convicted of being an habitual offender may not have an appellate review of that conviction by alleging that the prior convictions which are the basis for the habitual offender conviction are constitutionally infirm where the prior convictions have never been appealed in their own right and were first subjected to collateral attack through the appeal of the habitual offender conviction.

2. Criminal Law—Appeal and Error—Habitual Offender—Prior Convictions—Preserving Question.

A defendant convicted as an habitual offender cannot raise for the first time on appeal the question of the constitutional validity of his prior convictions where he did not raise the issue in the trial court.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted June 23, 1977, at Detroit. (Docket No. 29511.) Decided August 9, 1977.

Jackie M. Mays was convicted, on his plea of guilty, of being an habitual criminal offender. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Acting Director, Prosecutor's Repeat Offender's Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

---

Reference for Points in Headnotes

[1, 2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 31, 32.

*Alvin C. Sallen,* for defendant on appeal.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

PER CURIAM. Defendant Jackie Marcus Mays was arraigned on June 2, 1976, pursuant to a supplemental information charging him as an habitual criminal offender, contrary to MCLA 769.12; MSA 28.1084. The charge under the habitual offender statute was based on prior guilty plea convictions for attempted unlawful driving away an automobile, contrary to MCLA 750.92; MSA 28.287, MCLA 750.413; MSA 28.645; gross indecency, contrary to MCLA 750.338b; MSA 28.570(2); and first-degree criminal sexual conduct, contrary to MCLA 750.520b; MSA 28.788(2). Defendant pled guilty to the supplemental information and was sentenced to a term of imprisonment of 10 to 15 years. Defendant appeals as of right under GCR 1963, 806.1.

Defendant asserts that the underlying prior guilty plea convictions are unconstitutionally infirm and, thus, the habitual criminal charge must be vacated. We find no merit to defendant's claim.

Regarding defendant's ability to attack what he alleges as unconstitutionally infirm prior guilty plea convictions, we have recently denied review of such claims underlying conviction as an habitual offender when those complained of prior convictions had never been appealed in their own right and were first subject to collateral attack on the present appeal. *People v Hendrick,* 52 Mich App 201, 207; 217 NW2d 112 (1974), *affirmed* 398 Mich 410; 247 NW2d 840 (1976). Further, not only is defendant precluded from review on the basis of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

improper collateral attack of his prior convictions, he also lacks legal basis to appeal, even had he properly appealed these prior convictions, simply because he has failed to present any allegation of unconstitutionality in the trial court. We will not review such claims on appeal before the trial court has had the chance to rule on them below. *People v Covington,* 70 Mich App 188, 195; 245 NW2d 558 (1976). See also *People v Henry,* 395 Mich 367, 376; 236 NW2d 489 (1975).

Moreover, to the extent defendant has presented the record in his prior guilty plea conviction for attempted unlawful driving away an automobile, we find no constitutional or reversible error in those proceedings. See *People v Mauch,* 397 Mich 646, 653–659; 247 NW2d 5 (1976).

Having reviewed defendant's allegation of error and finding none with merit, we affirm the trial court.

Affirmed.