PEOPLE v PANGBURN

1. Criminal Law—Appeal and Error—Habitual Offender—Prior Convictions—Collateral Attack—Right to Counsel.

As a general rule a defendant who has been convicted of being an habitual offender may not in the appellate review of that conviction have a consideration of the allegation that the prior convictions which are the basis for the habitual offender conviction are constitutionally infirm where the prior convictions have never been appealed in their own right and were first subjected to collateral attack through the appeal of the habitual offender conviction; however, cases involving the issue of the right to counsel are uniquely distinguished by the retroactivity accorded them and a review is mandated where the collateral attack on appeal involves the claim that the defendant was neither properly informed nor clearly waived his right to appointed counsel.

2. Criminal Law—Constitutional Law—Habitual Offender—Prior Convictions—Invalid Conviction—Resentencing.

A defendant's conviction as a third felony offender should stand, even though the defendant's conviction on one of the earlier charges was constitutionally invalid, where the defendant still had three felony convictions without regard to the invalid conviction; however, the matter should be remanded for resentencing on the assumption that the court may have considered the invalid conviction in its sentence, and on resentencing, consideration of the invalid conviction should be avoided.

Appeal from Sanilac, Allen E. Keyes, J. Submitted January 5, 1978, at Lansing. (Docket No. 31372.) Decided February 7, 1978.

References for Points in Headnotes
[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 31, 32.
[2] 21 Am Jur 2d, Criminal Law § 585.
  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 9,. 30.

Jack F. Pangburn was convicted of being a third felony offender. Defendant appeals. Affirmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Marcus,* Prosecuting Attorney, and *Robert W. Barnes,* Assistant Prosecuting Attorney, for the people.

*Richard P. Riordan,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK and R. B. MARTIN,* JJ.

PER CURIAM. Defendant Jack Frederick Pangburn was tried by a jury on September 16, 1976, pursuant to a supplemental information charging him as a third felony offender, contrary to MCLA 769.11; MSA 28.1083. Defendant was found guilty and sentenced, on October 15, 1976, to a prison term of from 20 to 30 years. Defendant appeals as of right under GCR 1963, 806.1.

Defendant's prosecution as an habitual offender was grounded upon (1) conviction on May 7, 1962, for breaking and entering, contrary to MCLA 750.110; MSA 28.305, (2) conviction on February 4, 1963, for carrying a concealed weapon, contrary to MCLA 750.227; MSA 28.424 and (3) convictions on May 7, 1976, for second-degree criminal sexual conduct, contrary to MCLA 750.520(c)(1)(e); MSA 28.788(3)(1)(e), and larceny from a person, contrary to MCLA 750.357; MSA 28.589. Defendant's two felony convictions in 1976 were jury convictions. Under consideration on the present habitual offender charge, then, were four separate felony convictions. On appeal, defendant alleges one principal claim of error.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant contends that the underlying prior guilty plea conviction for carrying a concealed weapon obtained on February 4, 1963, is constitutionally invalid and so was inappropriate to consider in determining the charge against defendant as a third felony offender.

Defendant properly moved at trial to exclude the conviction for carrying a concealed weapon due to the fact that defendant was not properly apprised during those proceedings of his right to appointed counsel. Consequently, the trial court was given adequate opportunity to pass upon defendant's constitutional challenge. *People v Covington,* 70 Mich App 188, 195; 245 NW2d 558 (1976). See also *People v Henry,* 395 Mich 367, 376; 236 NW2d 489 (1975).

Generally, on appeal of an habitual offender prosecution, when defendant argues infirmity in a prior conviction, even an error of constitutional dimension, we have denied review in instances where the allegedly infirm prior conviction has never been properly appealed in its own right but is first subject to collateral attack on review of the presently appealed habitual offender prosecution. *People v Mays,* 77 Mich App 389, 390–391; 258 NW2d 87 (1977), *People v Hendrick,* 52 Mich App 201, 207; 217 NW2d 112 (1974), *aff'd,* 398 Mich 410; 247 NW2d 840 (1976).

However, unlike those cases, the matter before us now involves the claim that defendant was neither properly informed nor clearly waived his right to appointed counsel if indigent. See *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972). See also *Burgett v Texas,* 389 US 109; 88 S Ct 258; 19 L Ed 2d 319 (1967), *United States v Tucker,* 404 US 443; 92 S

Ct 589; 30 L Ed 2d 592 (1972), *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). We find cases involving the right to counsel question as uniquely distinguished by the retroactivity accorded them, which mandates review in this case despite the fact that considerations of collateral attack would normally preclude review. See *United States v Tucker, supra,* at 445–448; *People v Moore, supra,* at 437.

Having determined review necessary and proper in this matter, we find defendant correctly complied with the procedure required at the trial level and on appeal. *People v Moore, supra,* at 440–441. Our review of the court's decision concerning the conviction for carrying a concealed weapon in 1963 convinces us that defendant neither was properly informed of his right to appointed counsel if indigent nor clearly waived the right. However, even with the elimination of this conviction from consideration of defendant's status as an habitual offender, still we find three valid felony convictions upon which the jury could have based their third felony offender verdict. Consequently, we affirm defendant's conviction but remand for resentencing on the assumption the court may have considered the invalid conviction in its sentence. On resentencing, consideration of this conviction should be avoided.

Affirmed but remanded for resentencing.