PEOPLE v JONES

Docket No. 77-751. Submitted April 21, 1978, at Detroit.—Decided
　　May 23, 1978.

　　Dale D. Jones was convicted of armed robbery, and on a supple-
　　mental information, he was also convicted of being a second-
　　felony offender, St. Clair Circuit Court, Halford I. Streeter, J.
　　At the trial, the court allowed the introduction of evidence of
　　three other robberies, in which, according to three separate
　　witnesses, the defendant participated, to help establish the
　　identity of the perpetrator of the charged offense. The defend-
　　ant appeals, claiming error in the admission of the so-called
　　"similar acts" evidence and claiming that his conviction as a
　　second-felony offender should be vacated as the prior conviction
　　on which it was based was the result of an unconstitutional
　　plea proceeding. *Held:*

　　　1. The admission of the evidence of two of the other robber-
　　ies, which were of hotels, as was the robbery for which the

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5, 7, 10] 29 Am Jur 2d, Evidence §§ 298, 320–326.
　　Admissibility at trial of criminal case, of evidence of defendant's
　　criminal acts other than those charged—Supreme Court cases. 93
　　L Ed 185.
[2–4, 5] 29 Am Jur 2d, Evidence § 322.
[3] 29 Am Jur 2d, Evidence § 367.
　　30 Am Jur 2d, Evidence § 1143.
[6, 7] 29 Am Jur 2d, Evidence §§ 251–253.
[7] 5 Am Jur 2d, Appeal and Error § 806.
[8] 21 Am Jur 2d, Criminal Law §§ 487–491.
　　Court's duty to advise or admonish accused as to consequences of
　　plea of guilty, or to determine that he is advised thereof. 97
　　ALR2d 549.
[9, 11] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
　　39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7–
　　9.
　　What constitutes former "conviction" within statute enhancing
　　penalty for second or subsequent offense. 5 ALR2d 1080.
[10] 21 Am Jur 2d, Criminal Law §§ 182, 481.
[11] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
　　§ 32.

defendant was being tried, was proper under the similar acts statute as evidence tending to show the identity of the perpetrator, which was a major issue at trial. Evidence of the third robbery, which was significantly different than the robbery for which the defendant was charged, should not have been admitted into evidence under the similar acts statute because of its dissimilarity with the crime charged; however, the admission of such evidence was harmless error because other evidence pointed overwhelmingly to the defendant's guilt.

2. The defendant's earlier plea-based conviction may have been constitutionally infirm and the matter is remanded to the trial court so that the defendant may raise the issue there.

Remanded for further proceedings.

1. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—INTENT OR PLAN—MATERIALITY—STATUTES.

The similar acts statute allows evidence of similar acts to attempt to establish, among other things, a defendant's intent or plan; however, for the evidence to be admissible, such intent or plan must be material to the case; evidence of a plan may be material if a connection is established between the facts and circumstances of the similar bad acts and the charged offense (MCL 768.27; MSA 28.1050).

2. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—IDENTITY OF DEFENDANT.

Evidence of a defendant's similar acts may be admissible in order to establish identity.

3. CRIMINAL LAW—EVIDENCE—IDENTITY.

The matter of identity is a paramount issue in a criminal case where a defendant's entire defense is that the victim of the crime for which he is on trial has intentionally or inadvertently misidentified the defendant as the perpetrator of the crime.

4. CRIMINAL LAW—IDENTITY—EVIDENCE—SIMILAR ACTS—UNCHARGED OFFENSE.

An inference of identity arises when the marks common in a charged and an uncharged offense, considered singly or in combination, logically operate to set the charged and uncharged offenses apart from other crimes of the same general variety and, in doing so, tend to suggest that the perpetrator of the uncharged offense was the perpetrator of the charged offense.

5. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—IDENTITY.

It was not an abuse of discretion for a trial judge to admit evidence of two other hotel robberies at a defendant's trial for the armed robbery of another hotel where the evidence was relevant and its probative value, to show identity, outweighed its potential prejudicial effect to the defendant.

6. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—PREJUDICIAL IMPACT—PROBATIVE VALUE.

Material evidence of similar acts must be excluded when its prejudicial impact substantially outweighs its probative value.

7. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—LACK OF SIMILARITY—ABUSE OF DISCRETION—HARMLESS ERROR.

It was an abuse of the trial court's discretion to allow the introduction of evidence that a defendant committed a grocery store robbery as a similar act tending to identify the defendant as the perpetrator of an armed robbery of a hotel where the grocery store robbery bore little similarity to the hotel robbery, and its probative value did not outweigh its prejudicial impact; however, such error was harmless beyond a reasonable doubt where the other evidence in the case pointed overwhelmingly to defendant's guilt.

8. CRIMINAL LAW—PLEA OF GUILTY—WAIVER—RIGHT TO CONFRONT ACCUSERS—RIGHT TO REMAIN SILENT—PRESUMPTION OF INNOCENCE—COMPULSORY PROCESS.

The plea process under which a defendant pled guilty was inadequate and erroneous where the transcript of the plea-taking session discloses that the defendant was not advised that he was waiving his right to confront his accusers, his right to remain silent, his right to be presumed innocent and his right to have compulsory process.

9. APPEAL AND ERROR—CRIMINAL LAW—HABITUAL OFFENDER—PRIOR CONVICTION—PRESERVING ISSUE—SENTENCING.

A defendant cannot, on appeal, attack a conviction under the habitual criminal statute on the basis that his prior conviction was invalid when the claim was never presented or asserted in the trial court; however, the issue may be raised at the trial court level and once the defendant has attacked the allegedly invalid plea in the trial court, he may present the issue of sentencing to the Court of Appeals.

10. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—EVIDENCE—SIMILAR ACTS—PRIOR ACQUITTAL.

It is not a violation of the double jeopardy clause to admit under

the similar acts statute evidence of a crime, other than the charged offense, of which the defendant has already been acquitted.

11. Appeal and Error—Criminal Law—Habitual Offender Statute—Preserving Issue.

A challenge as to the constitutionality of the habitual offender statute has not been preserved for appeal, absent a showing of manifest injustice, where there has been no objection at either the hearing on the habitual offender information or the sentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, *Peter R. George,* Chief Appellate Attorney, and *David R. Heyboer,* Assistant Prosecuting Attorney, for the people.

*Lawrence Baron,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. Walsh, P. J., and D. E. Holbrook and R. M. Maher, JJ.

Per Curiam. Charged with armed robbery, MCL 750.529; MSA 28.797, defendant Dale Jones was convicted of the offense by a jury on November 4, 1976. The prosecutor filed a supplemental information, charging defendant as a second felony offender, MCL 769.10; MSA 28.1082. Sentenced on December 20, 1976, to a term of 20 to 40 years in prison, defendant appeals as of right.

Defendant charges numerous errors to the trial court. We need address ourselves at length to only two of these allegations.

Defendant was charged with and convicted of the armed robbery of a Howard Johnson Motel. The prosecutor introduced evidence of three other armed robberies in which, according to the testimony of three separate witnesses, defendant par-

ticipated. Defendant contends the introduction of such evidence was error and not, as the prosecutor claimed, admissible under the similar acts statute.

MCL 768.27; MSA 28.1050, the similar acts statute, states:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

The trial judge instructed the jury that they could utilize the evidence of similar acts for two purposes:

"First, such testimony can aid you in determining whether the defendant was engaged in an intentional plan of robbery. * * * Second, such testimony can help you in resolving the question of identification of the defendant as the man who robbed Charles Benenati."

Defendant objects that, though the statute allows similar acts to be used to establish intent, the statute requires that the intent must be "material" to the case. Defendant is correct. See *People v Spillman,* 63 Mich App 256, 260–261; 234 NW2d 475 (1975), *rev'd on other grounds,* 399 Mich 313; 249 NW2d 73 (1976), and cases cited therein. But it is arguable, reviewing the trial court's instruction, that the similar acts were not introduced to show intent, but to show an intentional plan.

Evidence of a plan may be material if a connection is established between the facts and circumstances of the similar bad acts and the charged offense. *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978).

But apart from the intentional plan element, the prosecutor used the similar acts to try to establish identity. Though not mentioned in the statute, it is permissible to prove identity through the use of similar acts.

" 'Identity' which *is* always an essential element in a criminal prosecution is not mentioned in the statute but clearly may be proved by the use of similar acts evidence. *People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971)." *People v Oliphant,* 399 Mich 472, 489; 250 NW2d 443 (1976).

See, also, *People v Fisher,* 77 Mich App 6; 257 NW2d 250 (1977).

The matter of identity was a paramount issue in the case. Jones' entire defense was that Charles Benenati, the victim, has intentionally or inadvertently misidentified him.

In this case, the prosecution, for the purpose of showing identity, introduced evidence of three other robberies. One of the robberies was of a grocery store; one was of a Holiday Inn and one was of another Howard Johnsons. In using evidence of similar acts other offenses are admissible to

"prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused. Here much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be

like a signature." McCormick on Evidence (2d Ed), § 190, p 449.

In this case the similarities between the robbery at issue and the robberies at the Holiday Inn and the other Howard Johnsons are legion. As both sides point out:

1) All three occurred in relatively the same time period.
2) All three occurred in the same area.
3) All three involved a hotel.
4) All three involved use of a weapon (though as defendant points out the weapons were different).
5) All three involved assailants in their twenties.
6) In all three, the assailants had afros.
7) All three involved a man in a dark coat.
8) All three occurred in the late evening.
9) All three involved a man who pulled the lapel of his coat over his face.
10) All three involved money being taken from a cash register.
11) All three involved a victim who was told to stay on the floor until the assailant left.

Defendant argues that a distinctive pattern was not formed. We do not agree.

After concluding that no pattern was formed, defendant, referring to all the similarities which he himself acknowledges, asks, "Just how else would an assailant act?" In a multitude of ways, is the obvious reply. Defendant admits to marked similarities in these three robberies, from the description of the assailant to the covering of his face with his coat lapel to the type of business robbed to the time and area of the robbery.

"[T]he inference of identity arises when the marks common in the charged and uncharged offenses, considered singly or in combination, logically operate to set the charged and uncharged offenses apart from other crimes of the same general variety and, in so doing, tend to suggest that the perpetrator of the uncharged offenses was the perpetrator of the charged offenses." *People v Haston,* 69 Cal 2d 233, 246; 70 Cal Rptr 419; 444 P2d 91 (1968).

The inference of identity here arises from the grave similarities between the three robberies of the three hotels. While no one factor in itself is unique, in combination they form a singular pattern which suggests that the perpetrator of the first two robberies is the perpetrator of the robbery at issue.

We cannot say that the trial judge abused his discretion in admitting evidence of the two other hotel robberies. It was relevant and its probative value, *i.e.,* to show identity, outweighed its potential prejudicial effect to the defendant. *People v Smedley,* 37 Mich App 325; 194 NW2d 383 (1971).

The prosecution also introduced evidence of a grocery store robbery for the purpose of showing identity. This robbery bore little similarity to the hotel robberies, both uncharged and charged. No distinctive similarities existed which would be sufficiently probative of the defendant's identity to allow the admission into evidence of the grocery store robbery. On the contrary, the dissimilarities were notable. Whereas in the charged offense there was but one assailant, in the grocery robbery there were two; in the grocery store robbery the assailant personally took the money, while in this case the clerk handed the money to the assailant; in the grocery store case, the victim's personal cash was not taken, but in this case it was; in the

grocery store robbery the assailants did not attempt to disguise their appearances, while in this case the assailant covered his face; whereas in the grocery store case bystanders were present, in the charged offense no bystanders were present.

The trial court abused its discretion by allowing in evidence of the grocery store robbery. Material evidence of similar acts must be excluded when its prejudicial impact substantially outweighs its probative value. *People v Corbeil,* 77 Mich App 691; 259 NW2d 193 (1977), citing *People v Oliphant, supra.* This evidence should not have been admitted. But its impact was harmless beyond a reasonable doubt. Other evidence in the case, including that of the two other hotel robberies, pointed overwhelmingly to defendant's guilt. *People v Fisher, supra,* at 14, *People v Wilkins, supra,* at 272.

We conclude that the admission of evidence of the two hotel robberies was proper under MCL 768.27, and that though the admission into evidence of the grocery store robbery was an abuse of discretion, such error was harmless beyond a reasonable doubt.

Defendant also claims he is entitled to have his conviction as an habitual offender, second felony, vacated by this Court on the ground that the prior conviction on which it was based was unconstitutional. This claim of unconstitutionality has never been presented to the trial court.

In 1970, defendant pleaded guilty to unarmed robbery. The transcript of his plea discloses that defendant was not advised that he was waiving his right to confront his accusers, his right to remain silent, his right to be presumed innocent and his right to have compulsory process. The plea process was inadequate and erroneous even under the

standards extant at the time. *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972) (the standards of which have been held applicable to any plea taken after the decisional date of *Boykin).* At a minimum the trial court should have advised defendant of his right to confront his accusers and his right to remain silent.

The prosecutor does not argue that the plea, as taken, was not in violation of defendant's constitutional rights. Rather, he urges that because appellant did not raise the alleged unconstitutionality at the trial court level, he does not have standing to collaterally attack the 1970 conviction on appeal.

It is true that there are a number of decisions in the Court of Appeals which state that defendant cannot attack a conviction under the habitual criminal statute on the basis that his prior conviction was invalid when the claim was never presented or asserted in the trial court. The issue cannot be raised for the first time on appeal. *People v Hendrick,* 52 Mich App 201; 217 NW2d 112 (1974), *People v Covington,* 70 Mich App 188; 245 NW2d 558 (1976), *People v Mays,* 77 Mich App 389; 258 NW2d 87 (1977).

However, the issue may be raised at the trial level. See *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). Once defendant has attacked the invalid plea in the trial court, he may present the issue of sentencing to the Court on appeal. Contrary to the prosecutor's contention, *Moore* does not stand only for the position that an out-of-state conviction may be attacked. It also directs that an in-state conviction may likewise be attacked. We therefore remand the case to the trial court in

order for appellant to present the issue of the unconstitutionality of his 1970 guilty plea.

We briefly address others of the issues plaintiff presents. He claims that it violates the double jeopardy clause to admit under the similar acts statute evidence of another crime of which defendant has already been acquitted. *People v Oliphant, supra,* decided this issue adversely to the defendant.

Defendant's contention that the prosecutor vindictively retaliated against defendant by supplementing him simply because he chose not to plead guilty and to exercise his right to a trial has been adequately addressed in *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978).

Finally, defendant claims that the habitual offender statute is unconstitutional. Not having objected on this ground at either the hearing on the habitual offender information or the sentencing, the issue has not been preserved for appellate review in the absence of manifest injustice. See *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976).

Remanded for proceedings consistent with this opinion.