## PEOPLE v SANDERS

Docket No. 78-1008. Submitted December 8, 1978, at Grand Rapids.—
Decided August 20, 1979.

George L. Sanders was convicted, on his plea of guilty, of criminal sexual conduct in the third-degree, Calhoun Circuit Court, Stanley Everett, J. The guilty plea was entered as part of a plea agreement reached with the prosecution. The prosecution agreed to dismiss an amended supplemental information which had been filed, charging the defendant with having been convicted of two prior felonies and seeking to have the defendant's punishment increased in the present case. The prosecution also agreed not to seek a warrant for absconding on bond by defendant's failure to appear in this case and to recommend a sentence of no more than 6 to 15 years in prison. The defendant appeals, alleging that the plea bargain was partially illusory because the two convictions charged in the amended supplemental information were the results of pleas which are constitutionally infirm and therefore the defendant could not have had his sentence in the present case enhanced under the habitual offender statute. *Held:*

1. An habitual offender information is a proper subject of bargaining which, in itself, raises no problem of the voluntariness of the plea.

2. The defendant may still challenge the constitutional validity of the earlier plea-based convictions, from which no direct appeals were taken, based on the allegations that he was never informed that he was waiving his right to remain silent by pleading guilty.

3. An attack on the validity of the earlier plea-based convictions should not be started in the Court of Appeals. The

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law § 485.

Validity of guilty pleas - Supreme Court cases. 25 L Ed 2d 1025.

[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 32.

[6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247.

appropriate relief is to remand to the trial court to allow the defendant to raise the issue of the invalidity of the prior pleas of guilty. If the trial court finds that the defendant was not advised of his right to remain silent before pleading guilty to the two earlier offenses, the plea in this case shall be set aside as the product of an illusory bargain. If the trial court finds that the defendant was advised of his right to remain silent before pleading guilty to the earlier offenses, the conviction shall stand.

Remanded with instructions.

1. Criminal Law — Habitual Offenders — Plea of Guilty — Plea Bargains — Voluntariness of Plea.

An habitual offender information is a proper subject of plea bargaining which, in itself, raises no problem of involuntariness of the plea.

2. Criminal Law — Plea of Guilty — Habitual Offenders — Inducement of Plea.

A prosecutor may claim that he will charge a defendant with an habitual offender prosecution, if applicable, in order to induce a plea, or may promise to forego such a prosecution in exchange for a plea; however, if a plea is induced by a promise to forego a recidivist proceeding where no such proceeding would be warranted, the defendant is per se misinformed as to the benefit of his plea and the bargain is illusory.

3. Criminal Law — Constitutional Law — Plea of Guilty — Setting Aside Guilty Pleas — Habitual Offenders — Collateral Attack.

A defendant seeking that a guilty plea entered as part of a plea bargain wherein the prosecutor agreed not to pursue an habitual offender information against the defendant based on two specific prior plea-based felony convictions be set aside may collaterally attack the prior felony convictions raising allegations of constitutional defects in the earlier plea proceedings; such collateral attack is not restricted to allegations of denial of counsel.

4. Criminal Law — Plea of Guilty — Plea Bargains — Illusory Bargains.

Guilty pleas entered in response to illusory plea bargains should not be allowed to stand.

5. Criminal Law — Appeal and Error — Plea of Guilty — Plea Bargains — Habitual Offenders — Collateral Attack — Constitutional Law.

The appropriate relief where a defendant appeals seeking to set

aside a plea-based conviction which was induced by a plea bargain wherein the prosecutor agreed to forego pursuing an habitual offender information based on prior plea-based felony convictions which the defendant, for the first time on appeal from the last conviction, alleges to be constitutionally infirm is to remand to the trial court to allow the defendant to raise the issue of the invalidity of the prior pleas of guilty.

6. CRIMINAL LAW — HABITUAL OFFENDERS — PRIOR CONVICTIONS — STATUTES.

A defendant's prior convictions must precede the commission of the principal offense in order to enhance the defendant's punishment under the habitual offender statute (MCL 769.11; MSA 28.1083).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Ronald A. Lebeuf,* Chief Assistant Prosecutor, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and M. J. KELLY and D. F. WALSH, JJ.

T. M. BURNS, P.J. After jury selection had begun in this case, defendant entered a guilty plea to criminal sexual conduct in the third degree, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). In exchange for the plea the prosecution agreed to dismiss the amended supplemental information which had been filed charging defendant with having been convicted of two prior felonies and seeking to have his punishment in the present case increased. MCL 769.11; MSA 28.1083. The people further agreed not to seek a warrant for absconding on

bond by defendant's failure to appear in this case,[1] MCL 750.199a; MSA 28.396(1), and to recommend a sentence of no more than 6 to 15 years in prison. The court agreed to be bound by the prosecution's recommendation of maximum sentence before the plea was accepted.

At sentencing, defendant sought to withdraw his plea because of a "misunderstanding" about the possible sentence which he would or could have received had he continued with the trial on the supplemental information. After a discussion between defense counsel and the court, defendant was informed that the information he had received from defense counsel was correct—if he had been convicted as an habitual offender he could be sentenced to 20 to 30 years. The court was still willing to allow defendant to withdraw his plea, but defendant agreed to proceed with sentencing when the court informed him that he was getting a good deal and that if his plea were withdrawn, the prosecution would start over on the original charges. It is clear from this record that the possibility of sentencing under the habitual offender provisions played a substantial part in defendant's decision to plead guilty.

Defendant does not allege any error in the plea-taking proceeding relating to the criminal sexual conduct charge itself. He does claim that his plea was coerced because the bargain was partially illusory. Defendant claims the two convictions charged in the amended supplemental information were the results of pleas which are constitutionally infirm. This alleged infirmity was raised for the first time in this appeal.

---

[1] Defendant was released on a $1,000 recognizance bond when he was not tried within six months of his arrest. After being released, defendant fled and was arrested in Florida on another charge. He was returned to Michigan through extradition to stand trial in this case.

The two convictions charged in the supplemental information were based on guilty pleas in two incidents of bad checks in 1972. Defendant was represented by counsel in these prior cases but was not informed, at the actual plea proceeding, that he was waiving his right to remain silent by pleading guilty. The entire record for these two prior convictions has not been provided on appeal, but only the transcripts were furnished as an appendix to appellant's brief. This practice has been and should be, discouraged. It is, therefore, impossible to say with certainty whether the required information for a valid guilty plea was imparted in some other way.

We start our analysis of the question by accepting the proposition that an habitual offender information is a proper subject of bargaining which, in itself, raises no problem of involuntariness of the plea. *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978). However,

"Implicit in the proper use of a habitual offender charge as a plea bargaining tool is the legal applicability of the recidivist statutes to the particular defendant. The accused must be in fact a potential subject of habitual offender supplementation if this factor is to play a part in the plea negotiations. If the plea is induced by a promise to forego a recidivist proceeding, when no such proceeding would be warranted, the defendant is per se misinformed as to the benefit of his plea and the bargain is illusory. See, *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977), *Hammond v United States,* 528 F2d 15 (CA 4, 1975)." *People v Roderick Johnson,* 86 Mich App 77, 79; 272 NW2d 200 (1978).

The supplemental information in this case charged defendant with prior convictions on two occasions. The information is valid on its face

since neither of the prior convictions has been appealed or vacated. That raises two questions: Can defendant attack those prior convictions in this proceeding or at this stage of the present proceeding and, if so, could the prosecution "go back" and obtain new convictions in a manner which would subject defendant to habitual offender liability in this case?[2]

There is a line of cases involving actual conviction under the habitual offender act holding that a defendant cannot collaterally attack the underlying plea-based convictions in an appeal of the habitual offender convictions. These cases would require a defendant to have the prior conviction set aside in other proceedings before allowing him to raise the invalidity as part of an attack on the habitual offender finding. See, *e.g., People v Mays,* 77 Mich App 389; 258 NW2d 87 (1977), *People v Pangburn,* 81 Mich App 324; 265 NW2d 138 (1978) (defendant can collaterally attack prior pleas only on the grounds of denial of the right to counsel).

These cases rely in part on my prior opinion in *People v Hendrick,* 52 Mich App 201; 217 NW2d 112 (1974), which in turn relied on *People v Gavin,* 50 Mich App 743; 213 NW2d 758 (1973). *Gavin* was reversed on this point by the Supreme Court, 391 Mich 837; 218 NW2d 144 (1974), on the authority of *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). And, while the Supreme Court affirmed *Hendrick* on another question, 398 Mich 410; 247 NW2d 840 (1976), in the order which granted leave and restricted the grant to the question ultimately

---

[2] The possibility of "reconvicting" defendant on the prior charges was raised at oral argument to rebut the assertion that defendant could not legally be charged as an habitual offender in this case.

It appears that defendant had prior convictions other than the two charged in this supplemental information. Since the prosecution had actually filed a supplemental information before the plea in this case, we must consider only the offenses actually charged therein.

decided, the Court referred to *Moore* as controlling on the point in question here. 394 Mich 839 (1975). Based on these considerations, we find the cases restricting collateral attack of a prior guilty plea to be improperly grounded in precedent and do not follow them. It is also clear from the Supreme Court's action in the same cases that the attack is not restricted to denial of the right to counsel.

The cases just discussed involve conviction under the habitual offender provisions and are thus distinguishable from the present situation where the habitual offender information was dismissed in exchange for a plea. However, it is a distinction without a difference. Since the validity of the bargain, and thus the plea, depends on the validity of the charge, *People v Roderick Johnson, supra,* the defendant in this case should be allowed the same standing to challenge possibly invalid prior convictions as one in which the supplemental information had been pursued. Any other rule would allow a plea to stand even though part of the consideration was legally improper. We cannot allow pleas based on illusory plea bargains to stand. *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977).

The question remains whether the attack can start in this Court. Because of the factual development upon which the legal analysis depends, the appellate courts of this state have been very reluctant to pass on these questions in the first instance. *People v Moore, supra.* The appropriate relief, if any, is to remand to the trial court to allow defendant to raise the invalidity of the prior pleas of guilty. *People v Jones,* 83 Mich App 559; 269 NW2d 224 (1978).

The prosecution suggests that even if the prior pleas are invalid, defendant's plea in this case

should stand because, if nothing else, the prosecution could obtain new convictions in the check cases and thus bring the situation back to what it was at the time the bargain was offered in this case. If the prosecution's theory is correct, then the plea bargain in this case would not be illusory. However, the argument ignores the language of the habitual offender act under which the prosecution proceeded. MCL 769.11; MSA 28.1083. As this Court has held in *People v Cobington,* 70 Mich App 188; 245 NW2d 558 (1976), *lv den* 402 Mich 843 (1977), and *People v Roderick Johnson, supra,* the convictions on the prior offenses must precede the commission of the supplemented offense. Obviously, if the prosecution must rely on a conviction obtained now, the statute would not apply.

Having held that defendant may attack the validity of the plea in this case by showing that the convictions upon which the supplemental information is based are invalid, we hold that the appropriate remedy is to remand to the circuit court to allow defendant to establish the invalidity of the prior convictions. If the circuit court finds that defendant was not advised of his right to remain silent before pleading guilty to the two check offenses in 1972, see, *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), the plea in this case shall be set aside as the product of an illusory bargain. If defendant was so advised the plea and bargain should stand. We do not retain jurisdiction.[3]

---

[3] The holding on the validity of the plea renders discussion of defendant's sentencing claim unnecessary since it is based on an assertion that the same two prior convictions are invalid.