920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MT. CARMEL MERCY HOSPITAL, Plaintiff,
v.
UNITED STATES of AMERICA, DEPARTMENT OF IRS, Defendant-Appellee,
Michigan State Accident Fund, Robert Leichtman, Sharon
Leichtman, David W. McKinney, Alisa McKinney, Defendants,
Tyra Kirk, Defendant-Appellant.
 No. 90-1330.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant, Tyra Kirk, appeals the district court's order awarding the Internal Revenue Service (IRS) certain rental payments that had been deposited with the clerk of the district court by the plaintiff, Mt. Carmel Mercy Hospital. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This cause originated as an interpleader action filed by Mt. Carmel Mercy Hospital to determine who was entitled to $28,000 in back rent on a piece of real property located in the City of Detroit. The competing claimants were the IRS and the Michigan State Accident Fund on behalf of Robert Leichtman and Sharon Leichtman. Defendants David McKinney, Alisa McKinney and the appellant failed to appear.
 
 
 3
 On January 17, 1989, the district court entered an order awarding the rents to the IRS and further ordered that a default judgment be entered against the McKinneys and appellant. Thereafter, the district court set aside the default judgment against appellant. On January 5, 1990, appellant filed an answer claiming that she was the owner of the real property in question, and contending that the rents due from plaintiff belonged to her and were not available to the IRS to satisfy David McKinney's tax liabilities.
 
 
 4
 A hearing was held on January 3, 1990, at the conclusion of which the district court ruled that the IRS was entitled to the rents. The court recognized that title to the property was in appellant's name, but found that Dr. McKinney had exercised all incidents of ownership over the property such as paying the property's expenses, listing the property on his income tax, and claiming the deductions associated with the property. Thereafter, in an order dated February 9, 1990, the district court held that the IRS was entitled to retain the rents, which were already in its possession. This appeal followed.
 
 
 5
 Upon consideration, we find that the district court's disposition of the case was not clearly erroneous. United States v. R.W. Meyer, Inc., 889 F.2d 1497, 1507 (6th Cir.1989). Generally, state law is used to determine whether there is an interest in property; however, federal law is used to determine the priority of interest where federal tax liens are involved. United States v. Equitable Life Assurance Society, 384 U.S. 323, 330 (1966); Aquilino v. United States, 363 U.S. 509, 512-14 (1960).
 
 
 6
 Here, the evidence compelled the conclusion that David McKinney was the owner of the property because he exercised all incidents of ownership. See United Artists Corp. v. Dep't of Treasury, 66 Mich.App. 289, 283 N.W.2d 841 (1975) (Michigan courts look to substance, not form, to determine "true" owner). Having determined that David McKinney, as owner of the property in question, was entitled to receive the rents paid into court by the plaintiff and that the IRS had tax liens against McKinney in an amount in excess of the rents, the district court correctly concluded that the IRS was entitled to the rents in satisfaction of McKinney's tax liabilities. 26 U.S.C. Sec. 6321. Appellant's remaining claims are without merit.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.